

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*610 Federal Plaza*
*Central Islip, New York 11722*

February 27, 2026

Honorable Sanket J. Bulsara
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

        Re: *Erik Sigfredo Parada Cruz v. Noem, et.al*. No. 26-cv-1110 (Bulsara, J.)

Dear Judge Bulsara:

        This Office represents Respondents in the above-captioned action, in which Petitioner Erik Sigfredo Parada Cruz ("Petitioner"), an alien in removal proceedings, filed a petition for a writ of habeas corpus on February 26, 2026, challenging his detention by U.S. Immigration and Customs Enforcement ("ICE"). *See* Dkt. # 1 ("Petition"). Respondents respectfully submit this letter in accordance with Your Honor's Order dated February 26, 2026, requiring Respondents to "inform the Court of Petitioner's current location, and [to] include information about any other locations where Petitioner has been held and the dates of any transfers since his initial detention," and to respond to the Petition.

        The legal issues presented in this action concern whether Petitioner's detention violates his procedural and substantive due process rights and the Immigration and Nationality Act, 8 U.S.C. § 1158, *et seq.* ("INA"). Petitioner principally seeks an order from this Court directing ICE to immediately release him from detention. Respondents address the merits of the Petition below, while reserving all rights, including the right to appeal, in lieu of a formal responsive memorandum of law to conserve judicial and party resources, and to expedite the Court's consideration of this case, in light of statements of Your Honor in other actions.[1]

---

[1] This Office notes that it filed similar letters as this with Your Honor in several other matters, including, *inter alia*, *Flores-Linares v. Bondi, et. al.*, No. 26-298 (Bulsara, J.) on January 20, 2026; *Argueta v. Francis, et.al.*, 26-CV-408 (Bulsara, J.) on January 26, 2026; *Delarca-Avila v. Bondi, et al.*, No. 26-cv-0543 (Bulsara, J.), on February 2, 2026; *Rivera Orellana v. Noem, et al.,* No. 26-cv-0574 (Bulsara, J.), on February 3, 2026; *Romero v. Bondi, et.al*. 26-796 (Bulsara, J.) on February 13, 2026. *Sandoval v. LaRocco, et al.,* No. 26-cv-00832 (Bulsara, J.) on February 13, 2026; and *Magana v. Joyce, et.al*. No. 26-CV-835 (Bulsara, J.) on February 13, 2026.

**Petitioner's Current Location**:

The undersigned has been informed by agency counsel that Petitioner – who had been deported in 2007 and had thereafter re-entered the United States without inspection and authorization -- was encountered by ICE officers on February 26, 2026. ICE arrested Petitioner pursuant to 8 U.S.C. § 1225 (b)(2)(A). Petitioner was arrested, transported to ICE's processing offices at Nassau County Correctional Center ("NCCC") and subsequently transferred to NCCC. Petitioner remains housed at NCCC. In the event Petitioner is detained after today, there is a possibility he may be transferred. ICE is aware of the Court's order limiting Petitioner's detention to the Eastern District of New York and the Southern District of New York.

**Discussion Regarding the Merits of the Petition**

On January 22, 2026, in the Memorandum and Order entered in *Miguel A. Flores-Linares v. Bondi*, 26-cv-00298 (Bulsara, J.), Your Honor discussed cases, like this one, that involve the issue of whether the petitioner was detained by ICE under 8 U.S.C. § 1225, as the Government maintained, or 8 U.S.C. § 1226, as the petitioner maintained. *Id.*, Dkt. # 9. Your Honor stated that "[t]he Government's position is that someone is subject to removal and detention under Section 1225(b)(2), as someone who is 'seeking admission' to the United States, notwithstanding that they have been living here for months, if not years. Court after court, judge after judge, in district after district has rejected this argument." *Id.* at 12. Your Honor granted the writ and further stated that "at its core, detention under § 1225 violates due process guarantees and is inapplicable and inappropriate for individuals who have lived in the United States as long as Petitioner has."

While Respondents respectfully disagree with Your Honor's assessment of the statutory construction issue as to 8 U.S.C. § 1225, they acknowledge that, in view of that assessment, Respondents cannot prevail in this action.[2] Thus, to conserve judicial resources and to expedite the Court's consideration of this case, Respondents hereby rely upon, and incorporate by reference, the legal arguments the Government presented in *Garcia Lanza v. Noem, et al.,* 26-cv-29 (E.D.N.Y.) (Brown, J.)[3] and respectfully submit that the Court can decide this matter without further briefing or a hearing. However, should the Court prefer to receive a memorandum of law in this matter, Respondents will file such a brief upon the Court's request. Notwithstanding their submission of this letter in lieu of a formal brief, Respondents reserve all rights, including the right to appeal.

---

[2] Respondents are aware of this Court's decisions in similar matters. *See, e.g., Gopie v. Lyons, et. al.*, 2025 WL 3167130 (E.D.N.Y. November 13, 2025) (Bulsara, J.) and *Rodriguez-Acurio v. Noem, et.al.,* 2025 WL 3314420 (E.D.N.Y. November 28, 2025) (Choudhury, J.) While Respondents respectfully disagree with the Court's assessment of the § 1225/§ 1226 issue, they acknowledge that, in view of that assessment, Respondents cannot prevail in this action. Thus, to conserve judicial resources and to expedite the Court's consideration of this case, the government respectfully adopts its previous arguments in *Gopie.*

[3] Specifically, Respondents respectfully incorporate by reference all arguments raised in the opposition brief in *Garcia Lanza v. Noem, et al.,* 26-cv-29 (E.D.N.Y.) (Brown, J.), Dkt. # 11. Respondents also respectfully incorporate by reference the statutory and regulatory framework, Part I, in that same document.

2

Respondents respectfully further note that, on February 6, 2026, the Court of Appeals for the Fifth Circuit issued an opinion that, while not binding on this Court, held that the Government's interpretation of 8 U.S.C. § 1225 was correct. *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). In this Circuit, a number of district court judges (albeit a minority) have ruled in the government's favor on this issue. *See Saamishvili v. Flanagan, et al.*, No. 25-cv-6178, 2026 WL 377574 (E.D.N.Y. Feb. 11, 2026)(Cogan, J.), *notice of appeal filed* Feb. 12, 2026; *Chen v. Almodovar*, 25-cv-9670, 2026 WL 100761, at *8-9 (S.D.N.Y. Jan. 14, 2026) (Cronan, J.); *Weng v. Genalo et al.*, No. 25-cv-09595, 2026 WL 184627, at *1 (S.D.N.Y. Jan. 23, 2026) (Rearden, J.); *Candido v. Bondi*, 25-cv-867, 2025 WL 3484932, at *2 (W.D.N.Y. Dec. 4, 2025) (Sinatra, J.); *Chen v. Almodovar, et al.*, No. 25-cv-8350, 2025 WL 3484855, at *7 (S.D.N.Y. Dec. 4, 2025) (Vyskocil, J.), *notice of appeal filed* Dec. 16, 2025; *Liang v. Almodovar*, No. 25-cv-9322, 2025 WL 3641512, at *8 (S.D.N.Y. Dec. 15, 2025) (Vyskocil, J.), *notice of appeal filed* Jan. 15, 2026. In addition to pending appeals by petitioners regarding the denials of habeas petitions as noted above, the Government has affirmatively appealed the grant of a habeas petition in *Cunha v. Moniz*, 25-cv-6532 (W.D.N.Y. Nov. 25, 2025) (concluding, *inter alia*, that Section 1226(a), not Section 1225(b)(2)(A), applied), *notice of appeal* filed Dec. 11, 2025, No. 25-3141 (2d Cir.). The *Cunha* appeal is proceeding on an expedited track and is scheduled to be fully briefed on March 3, 2026.

As to Petitioner's INA claims, these statutes are not the proper vehicle for Petitioner's claims arising out of his detention, which are the claims that drive this suit. In *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025), in which claims including due process claims were brought under the INA, various habeas provisions and the Administrative Procedure Act, 5 U.S.C. § 701, *et seq.* ("APA"), the Supreme Court held that where the claims for relief, as here, "necessarily imply the invalidity of their confinement," regardless of whether he requests release from confinement, those claims "fall within the 'core' of the writ of habeas corpus and must be brought in habeas." The Supreme Court's holding is consistent with well-established law that habeas is generally the only possible district court vehicle for challenges brought pursuant to immigration statutes. *Id.* (citing *Heikkila v. Barber*, 345 U.S. 229, 234-35 (1953)). All the claims in this suit constitute a core habeas claim — though they fail for the reasons discussed above—and are not cognizable under the INA. Here, as in *J.G.G.*, habeas is an "adequate remedy" through which Petitioner can challenge his detention.

Accordingly, for the reasons set forth above, Respondents respectfully submit that the Court deny this habeas petition.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:    /s/ Mary M. Dickman
Mary M. Dickman
Assistant U.S. Attorney
(631) 715-7863
mary.dickman@usdoj.gov

3

Cc: Counsel of record by ECF

4