UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ERIK SIGFREDO PARADA CRUZ,

                          Petitioner,

          v.                                                                    **ORDER**
                                                                                26-CV-1110-SJB
KRISTI NOEM et al.,

                          Respondents.
-----------------------------------------------------------------X
**BULSARA, United States District Judge:**

Petitioner Erik Sigfredo Parada Cruz ("Petitioner"), a citizen of El Salvador who has lived in the United States since 2008, was arrested on February 26, 2026, by U.S. Immigration and Customs Enforcement ("ICE") officers.  (Pet. for Writ of Habeas Corpus filed Feb. 26, 2026 ("Pet."), Dkt. No. 1 ¶¶ 26, 29; Resp'ts' Letter filed Feb. 27, 2026 ("Resp'ts' Letter"), Dkt. No. 5 at 2).  He filed this Petition while detained at the Nassau County Correctional Center that same day.  (Pet. ¶ 29; Resp'ts' Letter at 2; Decl. of Kareem Biggs dated Feb. 27, 2026 ("Biggs Decl."), attached to Resp'ts' Letter as Attach. 1, Dkt. No. 5-1 ¶ 22).  Petitioner is the intended beneficiary of a Form I-130, which his mother, a lawful permanent resident, submitted on January 3, 2023, and which remains pending.  (Pet. ¶ 28).  For the reasons explained below, the writ is provisionally granted.

The declaration submitted by Respondents states that ICE Officers "conducted further record checks and confirmed that Petitioner had not made lawful entry into the United States and did not have any legal status in the United States."  (Biggs Decl. ¶ 18). Yet at the same time, they state that the prior removal order against him had been

rescinded.  (*Id.* ¶ 16).  Petitioner filed a motion to reopen his immigration proceedings on May 24, 2019, after which an Immigration Judge rescinded the Petitioner's prior removal order, and administratively closed the immigration proceedings against him. (*Id.* ¶¶ 15–17).  Nor does Respondents' declaration make any reference to Petitioner's pending, but undecided, I-130 application.[1]  Finally, the declaration makes mention of a calendar hearing, (*id.* ¶ 23), which appears entirely inapposite, since Petitioner is not currently in removal proceedings (and was not issued an NTA at the time of his arrest, or at least a copy of such document was not provided to the Court).  Quite separately, the declaration Respondents submitted suggests that Petitioner may have been issued and served with an I-200 arrest warrant after he was arrested.  (*Id.* ¶ 19).  The Court has previously questioned the use of after-the-fact arrest warrants, *cf. Gopie v. Lyons*, No. 25-CV-5229, 2025 WL 3167130, at *1 (E.D.N.Y. Nov. 13, 2025), and Respondents' declaration makes no mention of the basis for their use.

The Government has filed an opposition to Petitioner's writ that suggests that the sole basis for Petitioner's detention is 8 U.S.C. § 1225, (Resp'ts' Letter at 2), despite the fact that Petitioner has been in the United States since 2008, (Pet. ¶ 26).  The

---

[1] Respondents note Petitioner was issued a Notice to Appear ("NTA") on August 19, 2005, was ordered removed in absentia on December 6, 2005, and was removed from the United States on November 15, 2007.  (Biggs Decl. ¶¶ 6, 10, 13).  The NTA had no date or time in which Petitioner had to appear, (*see* NTA, attached to Biggs Decl. as Ex A., Dkt. No. 5-2), a practice subsequently condemned by the Supreme Court, *see Pereira v. Sessions*, 585 U.S. 198, 202 (2018) ("A notice that does not inform a noncitizen when and where to appear for removal proceedings is not a notice to appear under section 1229(a)." (quotation omitted)); *Niz-Chavez v. Garland*, 593 U.S. 155, 170–71 (2021); *Campos-Chaves v. Garland*, 602 U.S. 447, 461 (2024) ("Each alien's NTA provided only that the time of the hearing was 'TBD' or 'to be set,' which is the sort of language we found to be inadequate in *Pereira*.").

Government's position is that someone is subject to removal and detention under

Section 1225(b)(2), as someone who is "seeking admission" to the United States,

notwithstanding that they have been living here for months, if not years.  The vast

majority of courts in this District have rejected this argument.  *See Lopez Benitez v.*

*Francis*, 795 F. Supp. 3d 475, 490–91 (S.D.N.Y. 2025) ("[T]he line historically drawn

between sections 1225 and 1226, which mak[es] sense of their text and the overall

statutory scheme, is that section 1225 governs detention of non-citizens seeking

admission into the country, whereas section 1226 governs detention of non-citizens

already in the country. . . . This Court has similarly been unable to identify any

authority to support Respondents' expansive interpretation of § 1225(b)." (quotations

omitted)); *Padilla Molina v. DeLeon*, No. 25-CV-6526, 2025 WL 3718728, at *3 (E.D.N.Y.

Dec. 23, 2025) ("This Court agrees with Petitioner that he is detained subject to Section

1226, not Section 1225.  In so holding, the Court joins the hundreds of district court

decisions that have rejected Respondents' expansive interpretation of Section 1225 as

inconsistent with the plain text and overall structure of the INA.") (collecting cases);

*Ulloa Montoya v. Bondi*, No. 25-CV-6363, 2025 WL 3718694, at *3 (E.D.N.Y. Dec. 23, 2025)

(same); *Rodriguez-Acurio v. Almodovar*, -- F. Supp. 3d --, No. 25-CV-6065, 2025 WL

3314420, at *23 (E.D.N.Y. Nov. 28, 2025) ("[T]he administration's new position that *all*

noncitizens who came into the United States illegally, but since have been living in the

United States, *must be detained* until their removal proceedings are completed—has been

challenged in at least 362 cases in federal district courts.  The challengers have

prevailed, either on a preliminary or final basis, in 350 of those cases decided by over

3

160 different judges sitting in about fifty different courts spread across the United States." (quoting *Barco Mercado v. Francis*, -- F. Supp. 3d --, No. 25-CV-6582, 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025))).

Respondents concede that before this Court they have no new arguments to present to warrant the detention of this Petitioner, except the recycled arguments that have been rejected in the vast majority of cases in this District, and as such "cannot prevail in this action." (Resp'ts' Letter at 2). Respondents submit that the Court can decide this matter without further briefing. (*Id.*).

The Court incorporates the reasoning of judges in this District and its sister courts and grants the writ—because at its core, detention under Section 1225 violates due process guarantees and is inapplicable and inappropriate for individuals who have lived in the United States as long as Petitioner has.

The writ is provisionally granted. Respondents are directed to effectuate Petitioner's release by **February 27, 2026 at 8:00 P.M.** and file a letter on the docket confirming Petitioner's release by that time. Respondents are enjoined from detaining Petitioner absent further direction from this Court. Respondents may not use ICE ankle monitors or similar technology to monitor Petitioner, because the Court has granted the writ, and is not resolving this petition on an intermediate basis by imposing bail conditions.

Because the Court has serious concerns about the legal basis to detain Petitioner in the first instance, including the discrepancies identified herein and the continued use of after-the-fact arrest warrants, the Court will hold a hearing in this case on **March 5,**

4

**2026 at 11:00 A.M.** Petitioner is not required to attend; Petitioner's counsel must attend. Counsel for the Government must attend, along with the following ICE officers, who should be prepared to testify under oath: Kareem Biggs and the two officers who signed the document provided at Exhibit C.

SO ORDERED.

*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States District Judge

Date:   February 27, 2026
        Central Islip, New York

5